SO ORDERED.

SIGNED this 18th day of July, 2018.


UNITED STATES BANKRUPTCY JUDGE



# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON SALEM DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| **Peter Lawrence Zagaroli,** | ) |
| | ) Case No. 18-50524 |
| Debtor. | ) |
| | ) |

## OPINION AND ORDER TRANSFERRING CASE

THIS CASE came before the Court on July 11, 2018, in Winston Salem, North Carolina upon the Motion to Dismiss for Improper Venue [Doc. #11] (the "Motion to Dismiss") filed by Rick Berry, James Clayton Neill, Neill Grading and Construction Company, Inc., and Reclamation, LLC (the "Movants"). Jimmy Summerlin appeared on behalf of the Movants, Samantha Brumbaugh appeared on behalf of Peter Zagaroli (the "Debtor"), and Robert E. Price, Jr., appeared on behalf of the United States Bankruptcy Administrator. After considering the Motion to Dismiss, the Brief in Support of the Motion to Dismiss [Doc. #19], the Response to the Motion to Dismiss [Doc. #26], the arguments of the parties, and the record in this case, the Court has concluded that, in the interest of justice, the case should be transferred to the United

States Bankruptcy Court for the Western District of North Carolina, as opposed to being dismissed.

28 U.S.C. § 1408 governs proper venue in a Title 11 case. *Thompson v. Greenwood*, 507 F.3d 416, 419 (6th Cir. 2007); *see In re Sprouse*, No. 09-50535, 2009 WL 3401191, at *1 (Bankr. M.D.N.C. Apr. 28, 2009). Per 28 U.S.C. § 1408, a case is properly commenced in a district:

> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408. This Court is continuing its position of following the majority of courts in holding that the venue requirements of 28 U.S.C. § 1408 are mandatory, not optional. *In re Temi Holdings LLC*, No. 15-31795, 2016 Bankr. LEXIS 2179, at *4 (Bankr. W.D.N.C. June 2, 2016) (quoting *Thompson,* 507 F.3d at 424); *In re Perkins*, No. 13-30747, 2013 WL 1934936, at *2 (Bankr. W.D.N.C. May 9, 2013); *see Sprouse,* 2009 WL at *1.

It is undisputed that none of the above conditions are met to invoke proper venue in this Debtor's bankruptcy case. The parties stipulated in open court that the Debtor is not domiciled in the Middle District of North Carolina, the Debtor has not resided in the Middle District of North Carolina, the Middle District of North Carolina is not the principal place of business of the Debtor, the Middle District of North Carolina is not the location of any assets of the Debtor, and

there are no pending cases of the Debtor's affiliate, general partner, or partnership in the Middle District of North Carolina.[1] Thus, venue is improper in the Middle District of North Carolina.

When a case is filed in an improper venue, 28 U.S.C. § 1406 applies. *Sprouse,* 2009 WL at *1; *Thompson,* 507 F.3d at 419; *see Temi*, 2016 Bankr. LEXIS at *4. 28 U.S.C. § 1406(a) requires that if venue is improper, the court "*shall* dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added); *see* Fed. R. Bankr. P. 1014(a)(2). Per § 1406(a), a court "has no discretion to retain a case in which venue is improper, but rather is required to dismiss or transfer the case." *United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580, 585 (B.A.P. 10th Cir. 1998); *Sprouse,* 2009 WL at *1, *see Temi*, 2016 Bankr. LEXIS at *4 (citing *Perkins*, 2013 WL at *2). Therefore, dismissal or transfer of this case is required.

This Court finds that it is in the interest of justice to transfer, as opposed to dismiss this case, and will transfer this case to the United States Bankruptcy Court for the Western District of North Carolina, where the Debtor resides and as such venue is proper.

IT IS SO ORDERED.

[END OF DOCUMENT]

---

[1] This information was obtained during the Debtor's 341 hearing and was included in the Movant's Brief in Support of the Motion to Dismiss. The parties stipulated to the accuracy of the testimony given at the 341 hearing.

# SERVICE LIST

ALL PARTIES OF RECORD AS OF THE DATE OF THE ORDER SHALL BE SERVED BY THE BANKRUPTCY NOTICING CENTER